## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## AT COVINGTON
### CASE NO. _____
### ELECTRONICALLY FILED

**J.R.** a student with a disability, by and through her next friends, guardians
and parents **D.R.** and **B.R.**                                    **PLAINTIFFS**

**VS**

**TERRI COX-CRUEY**, Superintendent, Kenton County
Board of Education, in her official capacity, and

**TRACY MANN**, Assistant Superintendent, Kenton County
Board of Education, in her official capacity, and

**KAREN SNELLING**, Director of Special Education,
Kenton County Board of Education, in her official capacity,

**AND**

**KAREN COLLINS**, and

**CARL WICKLUND**, and

**BILL CULBERTSON**, and

**JESICA JEHN,** and

**TAMARA MIANO,**
in their official capacities,
all as representatives of the
Kenton County Board of Education,

**AND**

**KENTON COUNTY BOARD OF EDUCATION**

**AND**

**TERRY HOLLIDAY**, Commissioner,
in his official capacity, and

**JOHNNY COLLETT**, Director, Division of Learning Services,
in his official capacity,

as representatives of the KY Department of Education,

**AND**

**KENTUCKY DEPARTMENT OF EDUCATION**                **DEFENDANTS**

## CIVIL COMPLAINT AND REQUEST FOR TRIAL DE NOVO

Comes now the Plaintiff, J.R., through her next friend and parents D.R. and B.R., by and through counsel, and for her cause of action against the foregoing Defendants, representing the Kenton County School District, the Kenton County Board of Education, and the Kentucky Department of Education, as well as the Kenton County School District, Kenton County Board of Education, and Kentucky Department of Education as entities, and hereby state as follows:

## I. INTRODUCTORY INFORMATION/RELEVANT PROCEDURAL HISTORY

This action, founded upon 20 U.S.C. 1400 *et seq*. is an appeal of the decisions of Hearings Officer Paul Whalen and the Exceptional Children's Appeal Board (ECAB), in an underlying Educational Due Process Action, Agency Case Number 1213-09.

The Plaintiff is a twenty-two year old female who suffered a traumatic brain injury as a result of an automobile accident in April, 2010. She has attended Dixie Heights High School within the Kenton County School District since January 4, 2012, and was served by an Individual Education Plan (hereinafter "IEP") under the disability category of Traumatic Brain Injury (TBI). The Plaintiff turned twenty-one on February 28, 2013.

2

The Plaintiff initiated a due process action pursuant to 20 U.S.C. 1415 *et seq*. with a resultant hearing being held on May 21 and 22, June 13 and July 2, 2013.  The hearing officer found in favor of the Plaintiff on some of her claims, and against her on others. The Plaintiff appealed such decision to the ECAB on December 6, 2013.  The ECAB dismissed the Plaintiff's action and also found in favor of the Defendant school district on all of the Plaintiff's claims on June 10, 2014.  This appeal follows.

## I. JURISDICTION

1)  That this action is founded upon 20 U.S.C. 1400 *et seq*., to wit, the Individuals with Disabilities Education Act (IDEA),  all statutes of this Commonwealth pursuant thereto, and the Kentucky Department of Education Regulations, and that this Court has jurisdiction to hear same;

## II. PLAINTIFFS

2)  That the Plaintiff J.R. is a twenty-two year old student residing within the Kenton County School District.  Her parents, D.R. and B.R. are her legal guardians and educational representatives;

J.R. has been identified as a student with a primary disability of Traumatic Brain Injury and is identified as meeting the eligibility requirements for a student with disabilities pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et seq. (2004);

3)  That the mailing address and residence of J.R. is 1326 Amsterdam Road Park Hills, Kentucky  41011, and such, the Plaintiff and her parents reside within the boundaries of the Kenton County School District;

## III. DEFENDANTS

4)  That Defendant Terri Cox-Cruey is the Superintendent of the Kenton County School District, and as such, is responsible for the administration of the school district, including compliance with the Individuals with Disabilities Education Act, and pertinent state laws and regulations relative thereto; and has an office at 1055 Eaton Drive, Ft. Wright, Kentucky 41017; and that such Defendant and the Kenton County Board of Education, as the legal entity named, has violated the rights of J.R. by failing to ensure and implement an appropriate IEP and placement for her educational needs;  and further, has failed to provide J.R. with a free appropriate public education in accordance with 20 U.S.C. § 1412(a)(1)(A);

5)  That Defendant Tracy Mann is the Assistant Superintendent of the Kenton County School District, and as such, is responsible for the administration of the school district, including compliance with the Individuals with Disabilities Education Act, and pertinent state laws and regulations relative thereto; and has an office at 1055 Eaton Drive, Ft. Wright, Kentucky 41017; and that such Defendant and the Kenton County Board of Education, as the legal entity named, has violated the rights of J.R. by failing to ensure and implement an appropriate IEP and placement for her educational needs;  and further, has failed to provide J.R. with a free appropriate public education in accordance with 20 U.S.C. § 1412(a)(1)(A);

6)  That Defendant Karen Snelling is the Director of Special Education for the Kenton County School District, and as such, is responsible for the administration of and implementation of the special education services for the Kenton County School District, including compliance with the Individuals with Disabilities Education Act, and pertinent state laws and regulations relative thereto; and has an office at 1055 Eaton Drive, Ft.

Wright, Kentucky 41017; and that such Defendant and the Kenton County Board of

Education, as the legal entity named, has violated the rights of J.R. by failing to ensure

and implement an appropriate IEP and placement for her educational needs;  and further,

has failed to provide J.R. with a free appropriate public education in accordance with 20

U.S.C. § 1412(a)(1)(A);

      7)  That Defendants Karen Collins, Carl Wicklund, Bill Culbertson, Jesica Jehn

and Tamar Miano are the members of the Kenton County Board of Education, which

serves to operate the Kenton County School District, whose office is at 1055 Eaton Drive,

Ft. Wright, Kentucky 41017; and that such Defendants, as representatives of the Kenton

County Board of Education, have violated the rights of J.R. by failing to ensure and

implement an appropriate IEP and placement for her educational needs; and that further,

the Kenton County Board of Education, as the legal entity named, has failed to provide

J.R. with a free appropriate public education in accordance with 20 U.S.C. §

1412(a)(1)(A);

      8)  That Defendant Terry Holliday is the Commissioner of the Kentucky

Department of Education, which is responsible for the implementation and compliance

with the Individuals with Disabilities Act (IDEA), and has an office at the Kentucky

Department of Education, 500 Mero Street, Frankfort, Kentucky 40601; and that as a

representative of such, he has violated the rights of J.R. by failing to ensure that the

Kenton County School district has complied with the provisions of the IDEA;  and that

further, the Kentucky Department of Education, duly charged by state and federal law,

has failed to afford the proper protections to which J.R. is entitled by law under the

IDEA;

9)  That Defendant Johnny Collett is the Director of the Division of Learning Services through the Kentucky Department of Education, and is responsible for the state's compliance with the Individuals with Disabilities Act (IDEA); and has an office at the Kentucky Department of Education, 500 Mero Street, Frankfort, Kentucky 40601; and that such Defendant has violated the rights of J.R. by failing to ensure that the Kenton County School district has complied with the provisions of the IDEA;  and that further, the Kentucky Department of Education, duly charged by state and federal law, has failed to afford the proper protections, including providing hearing officers and ECAB members who are properly trained and qualified to preside over due process actions; to which J.R. is entitled by law under the IDEA;

## IV.  FACTUAL ALLEGATIONS

10)  That Plaintiff J.R. incorporates by reference paragraphs one (1) through nine (9) as if restated herein;

11)  That J.R. is a twenty-two year old who has been diagnosed with a traumatic brain injury as the result of an automobile accident in 2010;

12)  That J.R. was served with an Individual Education Plan (IEP) from January 2012 until May, 2013 by the Kenton County School District;

13)  That Plaintiff J.R. was entitled to a "free and appropriate public education" as a handicapped student residing within the Kenton County School District;

14)  That J.R. was entitled to a free appropriate public education and procedural protections under the IDEA until she turns the age of twenty-two pursuant to 20 U.S.C. 1412 (a)(1)(A) but the Kenton County School District denied her such;

15)  That the Kenton County School District failed to provide J.R. with an

appropriate IEP and placement and as such, J.R. is entitled to compensatory education;

16) That the Kenton County School District failed to ensure that J.R. had a meaningful and appropriate transition into post-secondary life;

17) That J.R.'s parents, D.R. and B.R. incurred out of pocket expenses related to the education of J.R. and should be reimbursed for the same;

18) That the Kentucky Department of Education failed to ensure J.R.'s right to a free appropriate public education;

19) That J.R. initiated an educational due process action seeking certain remedies against the Kenton County School District for its denial of her rights pursuant to the Individuals with Disabilities Education Act (IDEA);

20) That J.R. was entitled to "stay-put" in her then-current educational placement during the pendency of the action but was denied the same;

21) That the hearing officer issued his Decision and Final Order on November 6, 2013 finding in favor of the Plaintiff in part and in favor of the Defendant school district in part; (Exhibit A)

22) That J.R. appealed the decision and final order of the hearing officer to the ECAB on December 6, 2013;

23) That such appeal was dismissed sua sponte by the ECAB on June 10, 2014; (Exhibit B)

24) That in addition to dismissing the appeal, the ECAB found in favor of the Defendant school district on all matters; (Exhibit B)

25) That the Kentucky Department of Education has failed to promulgate statutes or administrative regulations regarding the authority of the hearing officer or ECAB to

7

dismiss appeals; and

26) That the Kentucky Department of Education has failed to provide J.R. with qualified and properly trained hearing officers and ECAB members.

## V.  CAUSES OF ACTION

27) That Plaintiffs incorporate by reference paragraphs one (1) through twenty-six (26) as if restated herein;

28) That the Kenton County School District and its representatives failed to provide a free and appropriate public education for J.R. in violation of 20 U.S.C. 1400 and 1412 et seq.;

29) That the Kenton County School District and its representatives failed to develop, implement and/or revise an appropriate individual education plan for J.R. in accordance with 20 U.S.C. 1414 et seq.;

30) That the Kenton County School District and its representatives failed to make appropriate placement decisions for J.R. in accordance with 20 U.S.C. 1414 et seq.;

31) That J.R. was denied the protection of "stay-put" pursuant to 20 U.S.C. 1415(j) during the pendency of the proceedings;

32) That J.R. was denied her right to a free appropriate public education until she turned age twenty-two (22) pursuant to 20 U.S.C. 1412 (a)(1)(A);

33) That the hearing officer incorrectly found in favor of the Defendant school district;

34) That the ECAB incorrectly and without authority, dismissed the Plaintiff's appeal;

35) That the ECAB incorrectly found in favor of the Defendant school district.

8

36)  That the decisions and orders of the hearing officer and the ECAB are not supported by substantial evidence, and mischaracterized and misstated evidence presented by the Plaintiffs; and

37)  That the decisions and orders of the hearing officer and the ECAB have failed to consider and/or have misapplied the law in this matter.

## V.  RELIEF REQUESTED

WHEREFORE, Plaintiffs seek the following relief and judgment against the Defendants, Kenton County Board of Education and its representatives, and the Kentucky Department of Education and its representatives, jointly and severally:

1)  That this Court reverse the decisions of the Exceptional Children's Appeals Board;

2)  That this Court order that the Kenton County School District and the Kentucky Department of Education be ordered to provide educational services to J.R. during the pendency of this action and any associated appeals;

3)  That this Court award compensatory education to J.R. for any missed educational opportunities during the time in which she was denied "stay-put" relief;

4)  That this Court award compensatory education to J.R. for the denial of her right to a free appropriate public education from January 2012 until May 2013;

5)  That this Court award compensatory education to J.R. for the denial of her right to a free appropriate public education from May, 2013 until February 27, 2014;

6)  That D.R. and B.R. be reimbursed for all out of pocket educational expenses that they incurred on J.R.'s behalf;

7)  That this Court grant J.R. a trial de novo, or in the alternative, pursuant to 20 U.S.C. § 1415 (i)(2)(C), the opportunity to present new evidence in addition to that adduced at the hearings mentioned herein;

8)  That the Kentucky Department of Education file the complete transcript and records from the due process proceedings with this court forthwith;

9)  For all other proper relief to which J.R. appears entitled;

10)  That J.R. and her parents be permitted to proceed in pseudonym as indicated in this complaint to protect her identity;

11)  For attorney fees and expenses on behalf of J.R. and her parents be paid by the Defendants in this matter.

Submitted by:


/s/ Marianne S. Chevalier
Marianne S. Chevalier


/s/ Karen H. Ginn
Karen H. Ginn

Chevalier, Ginn & Kruer, P.S.C.
2216 Dixie Highway, Suite 202
Ft. Mitchell, Kentucky 41011
Phone:  (859)  581-3030
Fax:  (859)  581-5444